**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-2163**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THOMAS EDWARD SIMS, II,

        Claimant - Appellant,

    and

SIMS' PERSONAL PROPERTY, Specifically Described as a 2012
Volkswagen Passat SEL, VIN: 1VWCH7A34CC057759 and any and
all proceeds from the sale of said property,

        Defendant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington. Louise W. Flanagan,
District Judge. (7:12-cv-00332-FL)

_____

Submitted: May 1, 2014             Decided: July 11, 2014

_____

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

William Lee Davis, III, Lumberton, North Carolina, for
Appellant. Thomas G. Walker, United States Attorney, Rudy A.
Renfer, Jr., Assistant United States Attorney, Stephen A. West,

Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to 21 U.S.C. § 881, a vehicle used or intended for use "to transport, or in any manner to facilitate the transportation, . . . possession, or concealment of," 21 U.S.C. § 881(a)(4), "controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of [21 U.S.C., Chapter 13, Subchapter I]," id. § 881(a)(1), is "subject to forfeiture to the United States and no property right shall exist in [it]," id. § 881(a). In the present appeal, Thomas Edward Sims, II (Sims) challenges the civil forfeiture of his vehicle, a 2012 Volkswagen Passat SEL (the Passat), pursuant to 21 U.S.C. § 881. For reasons that follow, we affirm.

I.

The initial burden of proof in a civil forfeiture action "is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). Moreover, "if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." Id. § 983(c)(3).

- 3 -

Of relevance in the present appeal, a claimant such as Sims "may petition the court to determine whether the forfeiture was constitutionally excessive," id. § 983(g)(1), in "violation of the Excessive Fines Clause of the Eighth Amendment of the Constitution," id. § 983(g)(4). In determining whether a forfeiture is constitutionally excessive, "the court shall compare the forfeiture to the gravity of the offense giving rise to the forfeiture." Id. § 983(g)(2). "The claimant shall have the burden of establishing that the forfeiture is grossly disproportional by a preponderance of the evidence at a hearing conducted by the court without a jury." Id. § 983(g)(3).

II.

This action began on November 26, 2012, when the government filed a civil complaint in the United States District Court for the Eastern District of North Carolina for the forfeiture in rem of the Passat, then currently registered to Sims. The complaint alleged that, pursuant to the declaration of James McVicker (Officer McVicker), a North Carolina State Highway Patrol Trooper on assignment as a Task Force Officer with the Drug Enforcement Administration, "there is a reasonable basis for a belief that the defendant vehicle was used, or intended to be used, to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq., and is therefore

- 4 -

subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(4)." (J.A. 8). The complaint incorporated Officer McVicker's declaration by reference, and the government attached it to the complaint.

In his declaration under oath, Officer McVicker declared that, based upon official reports he had reviewed from the Lumberton Police Department, on June 15, 2012, during a traffic stop of the Passat, which Sims was driving, for speeding: (1) a drug dog alerted positively to the driver's side door; (2) the resulting search of the Passat revealed (a) a pill bottle containing twenty yellow Percocet pills hidden behind the panel covering the fuse box, (b) a Crown Royal bag with two plastic sandwich bags containing marijuana hidden behind the dashboard airbag cover, and (c) a handgun in an outer pocket of a coat on the back seat; (3) after Sims waived his right to counsel, he admitted that the Percocet pills, the marijuana, and the handgun belonged to him; and (4) Sims was arrested and charged with maintaining a vehicle to keep controlled substances, carrying a concealed weapon, possession of drug paraphernalia, trafficking in opium by possession, trafficking in opium by transportation, and possession with intent to sell and deliver marijuana.

Percocet is a brand name for a prescription medication containing the active ingredient oxycodone. Oxycodone is a Schedule II controlled substance. 21 U.S.C. § 812(c); 21 C.F.R.

§ 1308.12(b)(1)(xiii). Marijuana is a Schedule I controlled substance. 21 U.S.C. § 812(c), Schedule I(c)(10).

In response to the government's forfeiture complaint, Sims filed a letter-style document in which he claims ownership of the Passat and opposes its forfeiture on the basis that, although "[he] understand[s] [he] broke the law and [he is] willing to take responsibility for [his] charges still pending, . . . [he] do[es] not believe that the forfeiture of [his] car is fair, because [he] plan[s] on doing something with his life." (J.A. 11). Sims goes on in the document to detail his educational and career plans and to explain that he needs the Passat to accomplish such plans. He also states that he purchased the Passat outright with funds he inherited from his father upon his father's death.

The government moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. In response, Sims did not dispute that the marijuana, the yellow Percocet pills, and the firearm found in the Passat belonged to him or that he transported such items in the Passat.[1] Nonetheless, Sims opposed the government's motion for summary judgment and filed a cross-motion for summary judgment on the basis that: (1)

---

[1] Notably, Sims affirmatively admitted that the yellow Percocet pills found in the fuse box of the Passat are ten milligrams each.

- 6 -

forfeiture of his Passat based solely upon what he describes as the small amount of marijuana found in it (amounting to only a misdemeanor offense) would violate the Excessive Fines Clause of the Eighth Amendment; and (2) a substantial connection does not exist between what he describes as the small amount of marijuana found in the Passat and any violation of 21 U.S.C., Chapter 13, Subchapter I. Notably, Sims offered no evidence regarding the value of the Passat in support of his affirmative defense asserting a violation of the Excessive Fines Clause.

The government made several points in response. Of particular note, the government pointed out that Sims had not addressed the concealment of the twenty Percocet pills at ten milligrams each in the fuse-box panel of the Passat, and therefore, did not fully assess the gravity of his illegal conduct in connection with the Passat. Additionally, the government offered the sworn declaration of Jenny Whitfield (Whitfield), the Asset Forfeiture Coordinator for the United States Marshal's Service for the Eastern District of North Carolina. In her declaration, Whitfield explained the procedure used by the United States Marshal's Service to produce an appraisal value for a vehicle transferred to its custody during forfeiture proceedings. Applying such procedure, Whitfield declared that the clean retail appraisal value of the Passat is $25,775. The government then pointed out that this figure is

well within the applicable statutory fine range for a defendant convicted of possession with intent to distribute a controlled substance, 21 U.S.C. § 841(b)(1)(C), which range is $1,000 to $1,000,000. The government then went on to explain that Sims' hypothetical fine range under the United States Sentencing Guidelines, had he been convicted under 21 U.S.C. § 841(b)(1)(C), would be $3,000 to $30,000.

Although Sims had the opportunity to respond to the government's reply to his response/memorandum in support of his summary judgment motion, including Whitfield's appraisal of the clean retail value of the Passat, he did not respond.

On August 22, 2013, the district court entered judgment in favor of the government, ordering forfeiture of the Passat. In the district court's memorandum opinion setting forth its dispositionary analysis, the district court concluded that, based upon the summary judgment record, the "[government] has established by a preponderance of the evidence that the [Passat] is subject to forfeiture where the vehicle was used to transport illegal schedule I and schedule II controlled substances." United States v. Sims' Personal Property, No. 7:12-CV-332, 2013 WL 4460320, at *3 (E.D.N.C. Aug. 20, 2013). The district court further concluded that "[t]he facts of this case, where the illegal controlled substances were purposely hidden and transported in claimant's vehicle, also clearly establish a

'substantial connection between the property and the offense.'" Id. (quoting 18 U.S.C. § 983(c)(3)).

Finally, the district court rejected Sims' affirmative defense in which he asserted forfeiture of the Passat would violate the Excessive Fines Clause of the Eighth Amendment. The district court reasoned that the undisputed facts of this case established that Sims "was involved in dealing controlled substances, and not merely a casual marijuana user on a misdemeanor level as" he contended. Id. These facts are: (1) marijuana divided into two sandwich bags, suggesting distribution, hidden in the Passat; (2) twenty ten-milligram Percocet pills (active ingredient Oxycodone, a Schedule II controlled substance), hidden in the Passat; and (3) a firearm hidden in the Passat. Referring to 21 U.S.C. § 841(b)(1)(C), the district court reasoned that, "[w]hen considering the totality of the conduct at issue in this case, the statutory fines that claimant would face are between $1,000.00 and $1,000,000.00." Id. The district court also observed that, according to the government, Sims' fine range under the United States Sentencing Guidelines would be $3,000 to $30,000. "Upon weighing the gravity of the offense conduct against the value of the Passat at issue in this case, the court [found] that the forfeiture is not grossly disproportional by a preponderance of the evidence." Id. (internal quotation marks omitted).

So, when all was said and done, the district court granted the government's motion for summary judgment and denied Sims' cross-motion for summary judgment. This timely appeal followed.

## III.

We review the district court's grant of summary judgment de novo. United States v. Kanasco, Ltd., 123 F.3d 209, 210 (4th Cir. 1997) (civil forfeiture action). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## IV.

Raising three contentions, Sims challenges the district court's grant of summary judgment in favor of the government. Each contention is without merit.

### A.

First, Sims contends that the district court erred in considering the twenty ten-milligram Percocet pills in determining whether the Passat is subject to forfeiture under 21 U.S.C. § 881, because the government did not reference the Percocet pills in its initial memorandum in support of its motion for summary judgment. This contention is without merit because Federal Rule of Civil Procedure 56(c)(3) permitted the

- 10 -

district court to consider the evidence regarding the Percocet pills found in the Passat regardless of the fact that the government did not reference them in its initial memorandum opinion in support of its motion for summary judgment. See Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

B.

Second, Sims contends the district court erred in considering the Percocet pills in determining whether the Passat is subject to forfeiture under 21 U.S.C. § 881, because the government failed to carry its initial burden of demonstrating that the twenty Percocet pills found in the Passat, which he expressly admitted below in his response to the government's motion for summary judgment were ten milligrams each, could support a prosecution for possession with intent to distribute under 21 U.S.C. § 841(a)(1). Sims' contention widely misses the mark. The inference that Sims possessed the twenty Percocet pills, a Schedule II controlled substance, with the intent to distribute is supported not only by the fact that he hid such pills (which he stole from his grandmother) in the fuse box of the Passat, but also by the fact that: (1) he hid two sandwich bags of marijuana (in packaging suggesting intent to distribute) and a firearm in close proximity to the twenty Percocet pills and the two sandwich bags of marijuana; and (2) Sims admitted

- 11 -

culpability to the three state charges arising from the stop involving distribution of controlled substances (trafficking in opium by possession, trafficking in opium by transportation, and possession with intent to sell and deliver marijuana). See United States v. Mitten, 592 F.3d 767, 777–78 (7th Cir. 2010) (recognizing "[d]rug traffickers will commonly possess firearms to protect their product, to protect their drugs, to protect their cash, to protect their life and even to protect their turf" (alteration in original) (internal quotation marks omitted)); cf. United States v. Grogins, 163 F.3d 795, 799 (4th Cir. 1998) (noting that "the background fact that the connection between illegal drug operations and guns in our society is a tight one"). Stated simply, the government carried its burden of proving, by a preponderance of the evidence viewed in the light most favorable to Sims, that Sims possessed the twenty Percocet pills and the two sandwich bags of marijuana with the intent to distribute, and a genuine issue of material fact does not exist on this point.

C.

Third and finally, Sims contends that forfeiture of the Passat is grossly disproportional to his offense conduct, which offense conduct he characterizes as simple possession of controlled substances in violation of 21 U.S.C. § 844(a), and therefore, violates the Excessive Fines Clause of the Eighth

- 12 -

Amendment. In this regard, he makes the subcontention that the appraised value of the Passat set forth in Whitfield's declaration ($25,775) is inadmissible hearsay, and therefore, the government failed to meet its burden of proving the forfeiture of the Passat is not grossly disproportional to the gravity of his simple possession offense.

We affirm this issue on the reasoning of the district court. Sims' contention does not account for the fact that, as we just held in Part IV.B., supra, the proper offense for conducting a proportionality analysis under the Excessive Fines Clause in this case is possession of controlled substances (Percocet and the marijuana) with the intent to distribute. 21 U.S.C. § 841(a)(1). Additionally, Sims' position on this issue meets itself coming and going because Sims' assertion that forfeiture of the Passat violates the Excessive Fines Clause is an affirmative defense upon which he bears the burden of proof. 18 U.S.C. § 983(g)(3). Sims himself offered no evidence regarding the value of the Passat.

V.

In sum, we affirm the judgment below. We dispense with oral argument because the facts and legal contentions are

- 13 -

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>